UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
  :
**RARITAN BAYKEEPER INC.**,  :
  :
                Plaintiff,  :
  :  **MEMORANDUM DECISION AND ORDER**
      – against –  :
  :  1:20-CV-2118 (AMD) (PK)
  :
**FAZTEC INDUSTRIES, INC.** and **DIFAZIO INDUSTRIES, LLC**,  :
  :
                Defendants.  :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

    On September 6, 2023, then-Magistrate Judge Ramon E. Reyes Jr.[1] issued a report and recommendation, recommending that the Court grant the plaintiff's unopposed motion to approve the parties' proposed consent decree. (ECF No. 44.) For the following reasons, the Court adopts the report and recommendation in full.

    On May 8, 2020, the plaintiff filed a civil enforcement action against the defendants—Faztec Industries, Inc., DiFazio Industries, LLC, and Marc DiFazio—under the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251–1387 (the "Clean Water Act"), seeking to stop the defendants' alleged pollution of Staten Island's waters and wetlands. (ECF No. 1 ¶ 1.) On August 10, 2020, the defendants filed an answer to the complaint. (ECF No. 8.) On May 12, 2023, the parties notified the Court that they had reached a settlement (ECF No. 39) and stipulated to the voluntary dismissal of the individual defendant Marc DiFazio (ECF No. 40). On June 20, 2023, the United States notified the Court that it did not object to the parties' proposed consent decree. (ECF No. 42.) On July 5, 2023, the plaintiff, with the defendants'

---

[1] Judge Reyes was sworn in as a United States District Judge on November 14, 2023.

consent, filed a motion to approve the proposed consent decree (ECF No. 43), which I referred to Judge Reyes on July 7, 2023 (*July 7, 2023 ECF Order*).

Judge Reyes reviewed the proposed consent decree and issued a report and recommendation on September 6, 2023, finding that the proposed consent decree was fair, reasonable, and consistent with the objectives of the Clean Water Act. (ECF No. 44.) *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 118–20 (2d Cir. 1992). Judge Reyes recommended that the Court grant the motion without modification and directed the parties to file any objections by September 20, 2023. Neither party has objected to the report and recommendation, and the time for doing so has passed.[2]

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept a report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369 (E.D.N.Y. 2014).

I have carefully reviewed Judge Reyes's well-reasoned report and recommendation for clear error and find none. Accordingly, I adopt the report and recommendation in its entirety. The plaintiff's motion to approve the parties' proposed consent decree is granted.

---

[2] On September 19, 2023, the defendants filed a letter with the Court requesting a correction to a sentence in the Factual Background section of the report and recommendation. (ECF No. 46.) The filing is styled on the docket as an objection, but the letter states that the defendants "support the entry of the Proposed Consent Decree and do not object to the recommendation in the [report and recommendation] that the Proposed Consent Decree be approved without modification." (*Id.*) Accordingly, the Court interprets the letter as a correction, not an objection.

The defendants request that the sentence in question reflect that the defendants' "control and operation of industrial activities . . . at a property owned by New York City and managed by the City's Department of Citywide Administrative Services" is a contested statement of fact. (*Id.* (citing ECF No. 43-1 at 2).) The Court acknowledges the defendants' position and confirms that the Factual Background section is merely a recitation of the facts as alleged by the complaint. (*See* ECF No. 44 at 2 (citing ECF No. 1 ¶¶ 3, 24–25).)

## CONCLUSION

For these reasons, I adopt the report and recommendation in its entirety. The plaintiff's motion to approve the parties' proposed consent decree is granted.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
         November 21, 2023